UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENISE FREEMAN,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | No. 24-cv-6933 |
| : | |
| **ALLENTOWN SCHOOL DISTRICT,** : | |
|     **Defendant.** : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                                     **February 14, 2025**
**United States District Judge**

      Plaintiff Denise Freeman, proceeding *pro se*, brings this action against the Allentown School District where her granddaughter attends high school. Freeman seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**       **FACTUAL ALLEGATIONS**[1]

      Freeman alleges that her granddaughter, AF[2], who is in the Tenth Grade, had always been "an A and B" student but is showing declining academic performance this current school year. (Compl. at 7.) After AF received a "D" grade in the "first cycle" of geometry, Freeman

---

[1] Freeman used the form complaint available to unrepresented litigants to file her claims and included additional handwritten pages and exhibits. (ECF No. 2.) The Court considers the entire submission to constitute the Complaint, for which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Freeman's Complaint.

[2] As Freeman's granddaughter is a minor, the Court will refer to her by her initials. In addition, the Court will limit the Complaint to case-participant-view only. Freeman is cautioned that she must redact certain information, such as full names of minors, when submitting filings to the Court. *See* Fed. R. Civ. P. 5.2; E.D. Pa. Local Civ. R. 5.1.3.

requested to see AF's tests and wrote a letter to the superintendent. (*Id*. at 9-10.) Freeman never heard back from the superintendent and was never provided AF's tests. (*Id*.) AF's recent progress reports reflect that she is now receiving "F" grades in geometry, along with failing grades in two of her other classes. (*Id*. at 10-11.) Freeman has also requested that AF be permitted to withdraw from advanced chemistry, where she is also not doing well. (*Id*. at 8, 10.) Freeman went to AF's school hoping to speak with someone about AF's withdrawal from advanced chemistry but was unable to meet with the counselor, the principal, or the vice principal. (*Id*. at 10.) Freeman spoke with a security guard who told her that AF would be taken out of the chemistry class. (*Id*.) AF appears to still be matriculated in the advanced chemistry class. (*See id*. at 48.)

Freeman alleges that AF is smart and has potential to do well, but that despite Freeman trying to help, the school district has been "uncooperative and refuses to resolve the issue." (*Id*. at 10-11.) When Freeman tried to speak with someone at the school district, she was "switched around to different voicemail" or got "the run around." (*Id*.) Freeman also alleges that she is unable to talk to teachers about AF's academics. (*Id*.) Freeman appears to assert claims against Defendant based on her "right to review [her] child's school records in a timely manner" and AF's "right to a free appropriate education."[3] (*Id*. at 2.) For relief, Freeman requests that AF be allowed "to attend public school without being harmed." (*Id*. at 4.)

---

[3] To the extent that Freeman is raising claims based on any injuries suffered by AF, Freeman lacks standing, as she may not raise claims based on injuries sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc*., 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa*., 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Accordingly, any claims Freeman purports to bring on behalf of AF will be dismissed without prejudice.

## II. STANDARD OF REVIEW

The Court grants Freeman leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Freeman is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Freeman's Complaint centers on her concerns about her granddaughter's academic performance and her unsuccessful attempts to communicate with Allentown School District officials about that performance. As a basis for federal jurisdiction, Freemen references AF's "right to a free appropriate education." (Compl. at 2.) The Court understands Freeman to be referring to the Individuals with Disabilities in Education Act ("IDEA"). "Under the IDEA, a

state receiving federal educational funding must provide children within that state a 'free appropriate public education' (FAPE)." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 65 (3d Cir. 2010). The IDEA, however, only "provide[s] protections for students with disabilities." *Le Pape v. Lower Merion Sch. Dist.*, 103 F.4th 966, 978 (3d Cir. 2024); *see also* 20 U.S.C. § 1412(a)(1)(A) ("A free appropriate public education [FAPE] is available to all children with disabilities residing in the State between the ages of 3 and 21."). Freeman does not allege that AF suffers from any disabilities or is otherwise subject to an "Individualized Education Plan (IEP)." *See P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 729-30 (3d Cir. 2009). The IDEA therefore does not apply.

Freeman also references a federal criminal statute, 18 U.S.C. § 3509, and the Family Educational and Privacy Rights Act ("FERPA"), 20 U.S.C. § 1232g. (Compl. at 6-7.) As explained to Freeman in a Memorandum dismissing an earlier case she filed in this Court, *see Freeman v. Allentown Sch. Dist.*, No. 24-0670, 2024 WL 897835, at *2 (E.D. Pa. Mar. 1, 2024), neither statute provides Freeman recourse here. Section 1232g of FERPA prohibits the federal funding of educational institutions that have a policy denying parents of students the right to review the education records of their children, or that do not provide parents an opportunity to challenge their children's educational records. However, FERPA does not give rise to a private cause of action or create rights that are enforceable under 42 U.S.C. § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) ("[W]e have never before held, and decline to do so here, that spending legislation drafted in terms resembling those of FERPA can confer enforceable rights"); *Millington v. Temple Univ. Sch. of Dentistry*, No. 04-3965, 2006 WL 83447, at *4 (E.D. Pa. Jan. 9, 2006) ("Because FERPA does not contain either an express or implied private right of action and cannot be enforced by § 1983, Millington cannot state a claim under FERPA.").

Similarly, 18 U.S.C. § 3509, which sets forth the rights of child victims and child witnesses in federal criminal matters, does not provide Freeman with a private cause of action. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (noting that most criminal statutes do not provide private causes of action); *Humphries v. Newman*, No. 18-2936, 2022 WL 612657, at *5 (D.D.C. Mar. 2, 2022) (concluding that there is no private cause of action under 18 U.S.C. § 3509), *aff'd*, No. 22-7043, 2022 WL 3449226 (D.C. Cir. Aug. 11, 2022) (*per curiam*). Nor can the Court discern any other plausible basis for a federal claim from the facts alleged. Accordingly, the Court will dismiss the Complaint pursuant to § 1915(e)(2)(B)(ii) as there is no legal basis for Freeman's claims.[4]

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

---

[4] The Court notes that Freeman has filed at least nine other actions in this District naming either the Allentown Board of Education or the Allentown School District. Most of these prior cases have been dismissed pursuant to 28 U.S.C. § 1915. *See Freeman v. Allentown Bd. of Educ.*, No. 10-676 (ECF No. 2, Mar. 18, 2010); *Freeman v. Allentown Sch. Dist.*, No. 11-2408, 2011 WL 1598980, at *2 (E.D. Pa. Apr. 28, 2011); *Freeman v. Allentown Sch. Dist.*, No. 14-1944 (ECF No. 3, Apr. 10, 2014); *Freeman v. Allentown Sch. Dist.*, No. 15-59 (ECF No. 2, Jan. 14, 2015): *Freeman v. Allentown Sch. Dist.*, No. 17-4142 (ECF No. 2, Oct. 4, 2017); *Freeman v. Allentown Sch. Dist.*, No. 18-5093, 2018 WL 6258598 (E.D. Pa. Nov. 29, 2018); *Freeman v. Allentown Sch. Dist.*, No. 19-4336, 2019 WL 4805224, at *1-2 (E.D. Pa. Oct. 1, 2019); *Freeman v. Allentown Sch. Dist.*, No. 22-3518, 2022 WL 17583641, at *4 (E.D. Pa. Dec. 12, 2022); *Freeman*, 2024 WL 897835, at *2 n.4 (E.D. Pa. Mar. 1, 2024).

Freeman has received warnings from the Court about filing new lawsuits of the same or similar nature against the Allentown School District without alleging a cognizable claim. This lawsuit is similar in nature to prior ones that were dismissed. If Freeman files another lawsuit of the same or similar nature as this one, the Court may be compelled to subject her to a pre-filing injunction.

An appropriate Order follows.

                              **BY THE COURT:**

                              */s/ Joseph F. Leeson, Jr.*
                              **JOSEPH F. LEESON, JR.**
                              **United States District Judge**